IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HOPE YOVONNE LEWIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-18-333-RAW-SPS |
| ) | |
| **COMMISSIONER of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

The claimant Hope Yovonne Lewis requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. She appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: (1) whether the decision was supported by substantial evidence, and (2) whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience, and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was thirty-seven years old at the time of the administrative hearing (Tr. 41). She completed high school, and has no past relevant work (Tr. 26, 227). The claimant alleges she has been unable to work since May 1, 2015, due to neuropathy, nerve damage, chronic migraine, chronic sinusitis, high blood pressure, mild disc dehydration, and subluxation (Tr. 226).

## Procedural History

On October 28, 2015, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Elizabeth B. Dunlap conducted an administrative hearing and ALJ Ralph F. Shilling, writing for ALJ Dunlap, determined that the claimant was not disabled in a written decision dated May 3, 2017 (Tr. 18-28). The Appeals Council granted the claimant's request for review, and also determined that the claimant was not disabled in a decision dated August 1, 2018 (Tr. 4-7). The Appeals Council decision therefore represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work as defined

in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could not drive vehicles or operate moving machinery. Additionally as to her mental impairments, the ALJ found that she could understand, remember, and carry out simple tasks as demanded in jobs rated by the Dictionary of Occupational Titles ("DOT") at reasoning development level 2, and that she could not interact with the public or perform tasks in the presence of the general public (Tr. 22). The Appeals Council adopted this RFC in its entirety on appeal (Tr. 5). The ALJ applied the expedited process in the regulations and deferred a ruling on the claimant's ability to perform past relevant work. He then proceeded to step five, where he concluded that the claimant was not disabled because there was work she could perform, *e. g.*, packer, assembler, and wire sorter (Tr. 26-27).

## Review

The claimant contends that the Appeals Council failed to provide sufficient reasoning for its findings. The undersigned Magistrate Judge finds that this contention is without merit, and the decision of the Commissioner should therefore be affirmed.

The ALJ determined, and the Appeals Council affirmed, that the claimant had the severe impairments of idiopathic peripheral neuropathy, syncope, obstructive sleep apnea, degenerative disc disease of cervical spine, obesity, and major depressive disorder (Tr. 20). The relevant medical evidence reveals that the claimant reported to the emergency room in May 2015 with reports of right-side numbness and weakness, and was assessed with peripheral neuropathy, migraine headaches, paresthesia, and radiculopathy (Tr. 314, 422-423). She went again to the emergency room with similar complaints in June 2015 and July 2015 (Tr. 364).

The claimant received regular treatment at Sturch Family Clinic with Dr. Monica Woodall (Tr. 337). Diagnoses included chronic pain and hypertension (Tr. 339). Dr. Woodall's notes indicate the claimant continued to report pain on the right side of her body, and she was referred for pain management (Tr. 339-361). Pain management notes reflect the claimant reported good days and bad days with her pain, and that it ranged from 2/10 to 6/10, but notes also state, "The patient continues to achieve the goal of decreased pain and increased daily functionality as discussed upon the initiation of treatment, again today and periodically since initiation of treatment." (Tr. 400, 492-504).

Dr. Woodall also referred the claimant to Dr. Jerome Lopez for a neurology consult, and he ordered a series of MRIs which revealed only mild disc dehydration of the cervical spine and chronic sinusitis (Tr. 364, 366, 479-489, 548-556). Dr. Lopez assessed the claimant with, *inter alia*, migraine with aura, idiopathic progressive neuropathy, chronic pain syndrome, and degeneration of cervical intervertebral disc (Tr. 365). On follow-up with Dr. Lopez, the claimant reported that her pain was better with medication, which also helped improve her depression (Tr. 390).

On October 29, 2015, the claimant requested a letter from Dr. Woodall stating that she cannot work (Tr. 340). On November 20, 2015, Dr. Woodall wrote a letter to the Choctaw Nation of Oklahoma stating that the claimant was "very limited to what she is able to do, due to the severe pain she is in," that when she "stands for long periods of time her legs give out and she cannot lift heavy objects," and that she was "unable to work due to the severe pain." (Tr. 378).

On February 2, 2016, Dr. Kathleen Ward conducted a mental status examination of the claimant (Tr. 394). She assessed the claimant with major depressive disorder, recurrent, moderate to severe (Tr. 396).

As to the claimant's physical impairments, state reviewing physicians found that the evidence in the file did not establish a severe physical impairment (Tr. 72-73. 98-100). As to her mental impairments, state reviewing physicians reviewed the record and completed mental RFC assessments in which they found that the claimant had mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning and maintaining concentration, persistence, and pace, and no repeated episodes of decompensation (Tr. 73, 115). Dr. Sally Varghese found that she was moderately limited in the areas of understanding and remembering detailed instructions, carrying out detailed instructions, and that she was markedly limited in the ability to interact with the general public (Tr. 75-76). On review, Dr. Gary Lindsay agreed, but found the claimant was only moderately limited in the ability to interact with the general public (Tr. 103-104). Dr. Varghese concluded that the claimant could perform simple and some complex tasks with routine supervision, relate superficially with co-workers, relate to the public in an incidental manner, and adapt to a work situation (Tr. 76). Dr. Lindsay stated that the claimant was capable of simple and some complex works tasks for a sustained period of time and at an appropriate pace and with only limited contact with the general public (Tr. 104).

In his written opinion, the ALJ made findings at step three regarding the "Paragraph B" criteria related to the claimant's mental impairments. He determined that the claimant

had moderate limitations in the functional areas of understand, remember, or apply information; interact with others; and concentrate, persist, or maintain pace, but that she had no limitation in the area of adapt and manage oneself (Tr. 21-22). At step four, the ALJ summarized the claimant's hearing testimony as well as much of the medical evidence in the record, although he made no mention of Dr. Woodall's November 2015 letter. As to the opinion evidence, the ALJ assigned great weight to the state reviewing opinions that the claimant had marked limitations in the ability to interact with the general public and moderate limitations in the ability to understand, remember, and carry out detailed instructions (Tr. 26). He ultimately determined that the claimant was not disabled.

On review, the Appeals Council found that the claimant had moderate limitations in *each* of the Paragraph B criteria, including the ability to adapt or manage oneself, whereas the ALJ had determined the claimant had no limitation in this area (Tr. 5). The Appeals Council then determined that the claimant had the same RFC as determined by the ALJ and stated above (Tr. 5). The Appeals Council noted that it considered the same evidence that the ALJ did, and that it additionally considered Dr. Woodall's opinions that the claimant was unable to work. The Appeals Council nevertheless rejected this opinion as conclusory and inconsistent with the record, including treatment notes where her pain was rated a 2/10 and she was noted to have remained active, as well as state reviewing physician opinions that found she had no medically determinable *physical* impairment causing significant work-related restrictions (Tr. 5). The Appeals Council then likewise determined that the claimant was not disabled (Tr. 6).

The claimant's sole contention of error is that the Appeals Council erred in evaluating the evidence in such a way as to fail to provide opportunity for meaningful review. Specifically, she asserts: (i) that it was error for the Appeals Council to find the claimant had moderate limitations in the ability to adapt or manage oneself but not find additional limitations in the RFC, and (ii) that the Appeals Council failed to properly evaluate Dr. Woodall's opinion.

Medical opinions from a treating physician are entitled to controlling weight if they are "'well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record.'" *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If a treating physician's opinions were not entitled to controlling weight, the ALJ must determine the proper weight to give them by analyzing the factors set forth in 20 C.F.R. §§ 404.1527, 416.927. *Langley*, 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in § [404.1527 and 416.927].'"), *quoting Watkins*, 350 F.3d at 1300. Those factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to

support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted].  Finally, if the ALJ decides to reject a treating physician's opinions entirely, "[s]he must . . . give specific, legitimate reasons for doing so[,]" *Watkins*, 350 F.3d at 1301 [quotation omitted], so it is "clear to any subsequent reviewers the weight [she] gave to the treating source's medical opinion and the reasons for that weight." *Id*. at 1300 [quotation omitted].

In this case, the Appeals Council adequately discussed and analyzed Dr. Woodall's opinion, as set forth above.  The claimant contends that the ALJ engaged in improper picking and choosing by referencing the claimant's report of pain at 2/10, and that how "active" the claimant remained was undefined.  The undersigned Magistrate Judge finds, however, that the Appeals Counci *did consider* her opinion in accordance with the appropriate standards and properly rejected it as conclusory and inconsistent with the record. *See, e. g., Best-Willie v. Colvin,* 514 Fed. Appx. 728, 737 (10th Cir. 2013) ("Having reasonably discounted the opinions of Drs. Hall and Charlat, the ALJ did not err in failing to include additional limitations in her RFC assessment.").

Moreover, an ALJ (or the Appeals Council) is not required to give controlling weight to any opinion that the claimant is unable to work, *see* 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."), although he is required to determine the proper weight to give such findings by applying the factors in 20 C.F.R. § 404.1527.  Here, the Appeals Council found such a statement to be

conclusory and inconsistent with the record and provided sufficient reasoning for the undersigned Magistrate Judge to understand the reasoning. *See Westbrook v. Massanari*, 26 Fed. Appx. 897, 900 (10th Cir. 2002) ("[T]he ALJ found that these statements were inconsistent with, and not supported by the objective medical evidence, which the ALJ described at length. These are specific and legitimate reasons for discounting Dr. Rousseau's opinion.").

Finally, the claimant contends that the ALJ failed to account for the finding that she had moderate limitations in the ability to adapt and manage oneself. She asserts without reference to the record that this should have changed her RFC, only providing examples of how such a limitation *could* change the RFC, even though it did not change the RFC the Appeals Council assigned when it *did adopt* this finding. The essence of the claimant's appeal here is that the Court should re-weigh the evidence and determine her RFC differently from the Commissioner, which the Court simply cannot do. *See Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir. 2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ."), citing 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct. The undersigned Magistrate Judge thus RECOMMENDS that

-11-

the Court AFFIRM the decision of the Commissioner.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

**DATED** this 2nd day of March, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**